```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | No. 2:23-cr-10-MRH |
| : | |
| GRANT WILLIAMS : | |

### DEFENDANT'S SENTENCING MEMORANDUM

AND NOW, comes the Defendant, Grant Williams, by and through his attorney, Stephen Misko, Esquire, and respectfully files this Sentencing Memorandum:

**I.   Procedural History:**

On February 11, 2023, the Government filed a 5-Count Information alleging that Grant Williams, a former federally licensed firearm dealer, knowingly failed to make an appropriate entry, to wit, the disposition of the sale of five firearms, in the company's firearms records as required by federal law and in violation of Title 18 U.S.C. § 922(m)(1), a Class A Misdemeanor.

On February 28, 2023, Mr. Williams entered a plea of guilty to Count's 1 thru 5 of the Information. A Plea Letter presented to the Court this date, reflects that the Government and defense agreed to a fine of $80,000.00 per count, as well as a Special Assessment totaling $125.00,

1

pursuant to Rule 11(c)(1)(C) of the Rules of Federal Criminal Procedure. The plea agreement, otherwise, gave the Court total discretion as to the sentence in this case.

The Defendant humbly requests and prays that this Honorable Court accept the plea agreement and sentences Mr. Williams to a probationary sentence, which is below the bottom of the advisory guideline range, for the reasons set forth below. This request is also premised on the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), which provides that the Sentencing Guidelines are merely advisory and the District Court must consider the guidelines but is not bound by them. See also Gall v. United States, 552 U.S. 38 (2007) and United States v. Tomko, 562 F.3d 558 (3d Cir. 2009).

In this case, the Sentencing Guidelines recommend a sentence of imprisonment of 12 to 18 months, based primarily on the number of firearms that were not recorded in the businesses Acquisition & Disposition books from 2020 to 2022. A sentence below the bottom of the advisory guideline range, is appropriate in this case based on the factors to be considered in imposing a sentence, at 18 U.S.C. § 3553(a), which are outlined and discussed in detail as follows.

II. **Factors to be considered in imposing sentence, 18 U.S.C. § 3553(a):**

The first factor is *the nature and circumstances of the offense and the history and characteristics of the defendant.*

*(a) Nature and circumstances of the offense:*

Grant Williams was the owner/operator, and Federal Firearm Licensee (FFL), of Sportsman's Supply Company in Butler, Pennsylvania. He was the sole owner of this business since 1990. From 1990 to 2019, the annual sales of firearms [handguns and long-guns] averaged 12,000; however, during the COVID-19 pandemic, years 2020-2022, the annual sales eclipsed 50,000 annually. The dramatic increase in sales was primarily due to an online auction site, GunBroker.com, which operates similar to eBay. During the pandemic, Sportsman's Supply was one of the top five sellers on GunBroker.com nationally. Procedurally, each sale on GunBroker.com would generate an email sent to Sportsman's Supply listing the individual purchasers name, proof of payment, and the FFL (name/address) designated by the purchaser to receive the firearm.[1] Upon receipt of the email, the type of firearm purchased would be removed from stock and given to the shipping department along with a

---

[1] This FFL is responsible for the completion of the 4473 Form.

copy of the email listing the name and address of the FFL receiving the firearm chosen by the purchaser. The firearm would be packaged and shipped to that FFL. The shipping department was also instructed to inscribe the name/address of the FFL in the Acquisition & Disposition (A&D) Book, pursuant to 18 U.S.C. § 923, corresponding with the purchased firearm.

Due to the heavy volume of gun sales during this time period [2020-400% increase in sales; 2021-250% increase in sales; and, 2022-200% increase in sales above pre-covid levels] Sportsman's Supply got behind in recording the destination information of the shipped firearms in the A&D Books. This resulted in the failure to timely record the disposition of 2636 firearms in the A&D books from March 2020 to May 2022.[2] During his interview with the ATF, Mr. Williams admitted that he and his staff became overwhelmed with the volume of internet sales during this timeframe, which was exacerbated by covid-related employee absences.

It is noteworthy that the emails, detailing the firearm sales from GunBroker.com, were kept in boxes located on the third floor of the business. This allowed Mr. Williams and employees to record the disposition of the

---

[2] A significant amount of the 2636 A&D Book omissions occurred after Kovach became majority owner of Sportsman's Supply.

4

previously sold firearms in the A&D books, albeit untimely. A factor that complicated the delinquent A&D disposition recordings was the sale of Sportsman's Supply to Tyler Kovach in 2020.  Kovach, an employee at Sportsman's Supply and who obtained his FFL in 2019, acquired 51% of the business, thereby becoming majority owner on May 1, 2020. Mr. Williams, a minority owner, assumed the position of salaried employee in charge of purchasing, until his retirement in June of 2022.  Despite Kovach's majority ownership of the business and the fact that he possessed an FFL, Mr. Williams grudgingly agreed to allow Kovach and Sportsman's Supply to use his FFL until Kovach replaced the hand-scribed A&D entry method with an electronic entry system.  This was not accomplished until September 2021.

Subsequent to the sale, and as an employee of Sportsman's Supply, Mr. Williams oversight of the business and authority was greatly diminished, as he no longer had dominion and control over employees and the sale/disposition of inventory.  Kovach subsequently purchased the remaining 49% of the business on August 30, 2021, which effectively ended Mr. Williams ownership interest in Sportsman's Supply.  In the summer of 2020, Kovach made the decision to retain sales transaction documents for 90 days.  This resulted in the removal and

5

destruction of documents that fell outside of 90 days, which included the afore-described GunBroker.com firearm transaction emails stored on the third floor of the business. This action inhibited and precluded Mr. Williams and/or Sportsman's Supply employees from inscribing the name/address of the FFL recipient, corresponding with the shipped firearm, in the A&D Books that were not previously recorded as described above.

**(b)** *History and characteristics of the defendant*

Mr. Williams is 61 years of age. He was born and raised in Wheeling, West Virginia, before the family took up roots in Butler County, Pennsylvania. He, and his sister and two brothers, experienced an abuse free, caring and supportive childhood. Grant remained close to his parents up until the time of their respective deaths in 2018 (father) and 2021 (mother). His older brother, Lawrence, also died in 2021 from a COVID-19 related illness. Grant spent a significant amount of time away from Sportsman's Supply in 2021[3], to attend to the medical and personal needs of his brother, who passed away on October 7, 2021, and mother, who passed away on October 30, 2021, and due to the death of his fiancé's sister in June of 2021. Grant maintains a close relationship with his

6

other two, now retired, siblings, who are both Pennsylvania residents.

Mr. Williams is a Knoch High School graduate. He also attended Butler County Community College from 1990 to 2000, wherein he took Business Management courses. After graduation from High School in 1979, Mr. Williams operated/managed Sport Shack in East Brady, PA, which was a satellite business of his father, Owen, who owned and operated Sportsman's Supply. In 1989, Grant's father transferred Sport Shack (the building and FFL) to Grant's name, effectively making him the owner. In 1990, Grant and his father made a similar arrangement regarding the parent store Sportsman's Supply. His father stayed on part-time for 1 year, from 1990 to 1991. Grant proudly owned and operated Sportsman's Supply for 30 years until its sale to Tyler Kovach on May 1, 2020.

Grant Williams is very active in the community and has donated to various charities and organizations. Grant is a parishioner of Saint Peter's Church in Butler, PA, where he mentored youth and attends weekly services. Grant sponsored the Butler High School Rifle Team, Butler Youth Field Days, and East Butler Youth Baseball Team, to name a few. He was also involved in non-profit organizations

---

[3] Williams was minority owner of the business at this time.

including, Wounded Warriors, Big Brother/Big Sister, and the Boy Scouts, and served as a volunteer in multiple youth sporting organizations, often officiating basketball and baseball games held in his local community. Additionally, he coached a girls softball team and financially sponsored several other youth teams. Grant was also an active resource for the AA recovery and Al-Anon community.

The second factor, ***the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, to provide just punishment, afford adequate deterrence to criminal conduct, to protect the public from further crimes, and to provide the defendant with needed educational or vocational training*** is arguably satisfied with the proposed plea agreement, wherein Mr. Williams will pay $400,000 in fines and be subject to court supervision for up to 5 years. He also voluntarily forfeited his FFL license and agreed to a permanent disqualification.

The proposed non-incarceration sentence is just punishment for a man who has lived a respectful and law-abiding life, who has served his community and is respected by his peers and friends. The need for deterrence and to protect the public is satisfied with forfeiture and permanent FFL disqualification. Mr. Williams is retired

and is certainly not a threat to the public, and has always had the upmost respect for the law.

The third factor, *the kinds of sentences available* range from probation to imprisonment. Mr. Williams guideline computation, as reflected in the PSR, is 12-18 months [Zone C]. A Zone C guideline range may be satisfied by either a sentence of imprisonment [5C1.1(d)(1)] or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to 5C1.1(e), provided that at least one- half of the minimum term is satisfied by imprisonment [5C1.1(d)(2)]. However, Mr. Williams is eligible for 1-5 years of probation by statute, pursuant to 18 U.S.C. § 3561(c)(1).

The fourth factor, *the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines* are as follows:

Guideline Provisions: The Base Offense Level, pursuant to 2K2.1(a)(8) is 6. There is a 10-level increase since the offense involved 200 or more firearms [2K2.1(b)(1(E). There is a 3-level reduction pursuant to 3E1.1(a) & (b), resulting in a Total Offense Level of 13, which provides

for an advisory guideline range of imprisonment of 12-18 months.

The fifth factor, ***any pertinent policy statement*** is not applicable.

The sixth factor, ***the need to avoid unwarranted sentence disparities among defendants*** would not be violated by a sentence of probation, under the legal and factual circumstances presented in this case.

The seventh factor, ***the need to provide restitution to any victims of the offense*** is not an issue in this case.

**III. Character Letters in support of Grant Williams:**

The Supreme Court in *Gall v. United States,* 128 S.Ct. 586 (2007), held that character letters should be considered by the sentencing court as a mitigating factor via the sentencing factors outlined in 18 U.S.C. § 3553(a).

A sampling of the letters, which are included in a separate filing, Letters in Support of Defendant at Sentencing, provide insight into Mr. Williams good character, as reflected below:

- He "mentored youth at his church for years" (Terry Finafrock).
- "[H]e has given employment opportunities to those (drug) recovering individuals who were looking to re-enter the workforce" (Ruthane Durso).

- "Grant was a sponsor of the Butler High School Rifle Team, Butler Youth Field Day, local Boy Scouts [and] an East Butler Youth Baseball Team … [he] also sponsored and volunteered at some of the biggest fundraisers for multiple local fire departments every year" (Travis Kriley).

- "Grant did not treat me as an addict or with any bias. In fact, he encouraged me and pushed me to do better than the day before. That my mistakes don't define me, they're just a lesson to learn from and try harder" (Heather Finucan).

- "The reason Grant is who he is stems from his love of God and his Faith. He doesn't operate from a selfish place, and he prays about everything. Any advise (sp) he gives stems from his faith in God and his upbringing in the Church.  That man doesn't have a dishonest bone in his body and is concerned of what his God thinks of his decisions and actions" (Ellen Albrecht).

- "Grant … is known in our community as someone who will help charitable causes. He has supported many causes and organizations" (Jeffrey Lassinger).

- "Grant contributes much of his spare time to serving non-profit organizations including, but not limited to

Wounded Warriors, Big Brother/Big Sister, and the Boy Scouts. Moreover, he serves as a volunteer in multiple youth sporting organizations, often officiating basketball and baseball games held in his local community. Additionally, he coached a girls softball league and financially sponsored several other youth teams over the years" (Douglas Tapager).

- "Grant has become a huge resource for the AA recovery and Al-Anon community by helping in bridging the gap between those two resources and by bridging the gap between the community and the knowledge of the meetings" (April Benge).

- "He is always there for support and I have personally witnessed Grant go above and beyond to help people in need. He is selfless and always prioritizes the needs of others over his own" (Elizabeth Stegner).

- "I have seen my uncle open his home and heart to others, including myself, not waiting for anything in return – not even a 'thank you'. He is selfless and caring, always asking others what he can do to help them with anything they need. He is willing to put the needs of others before his own, constantly inspiring others with his kindness and generosity" (Madeleine Dietrich).

**IV. Conclusion:**

Grant Williams is genuinely a benevolent person, as illustrated by the thirty-character letters submitted. Ironically, this benevolence came back to haunt him based on the circumstances, described above, that led to the 2600+ firearm disposition omissions. In retrospect, had Mr. Williams insisted that Tyler Kovach use his FFL at Sportsman's Supply, after becoming majority owner in May 2020, the outcome would have been quite different.[4]

The Sentencing Guidelines state that probation is not an option since the sentencing range falls within Zone C. However, as the Supreme Court held in <u>Rita v. United States</u>, 127 S.Ct. 2456 (2007), the sentencing guidelines are truly advisory and the District Court may impose a non-guideline sentence by departing or through application of 18 U.S.C. § 3553(a) sentencing factors.

The sentencing factors outlined in 18 U.S.C. § 3553(a), provide a reasonable and compelling basis for a sentence of probation, based on Mr. Williams "history and characteristics", a person of good character, who has an excellent reputation in the community, and who has consistently supported non-profits and youth sporting leagues through donations and personal hands-on

involvement. This is in addition to Mr. Williams general "respect for the law" over the course of six decades. "Just punishment", under the facts and circumstances of this case, also points in favor of a non-incarceration sentence, as Mr. Williams is now retired and is certainly not a threat to the public, nor a threat to commit "further crimes." In addition to the 3553(a) Factors, 18 U.S.C. §3561(a) allows for a sentence of probation given the offense(s) are Class A Misdemeanors.

The circumstances that led to the 2600+ firearm disposition omissions were the product of a perfect storm. A generational pandemic disease that challenged compliance obligations due, in part, to employee absences, and the overwhelming number of firearm transactions; a change in ownership, which resulted in Mr. Williams oversight, autonomy and authority in business activities being neutered; and, Mr. Williams prolonged absence from the business to care for his mother and brother, and to deal with their respective deaths, as well as the death of his fiancé's sister in 2021.

Based upon Mr. Williams general good character, contributions to the community, cooperation with ATF, acceptance of responsibility and remorse, the payment of a

---

[4] Tyler Kovach was majority owner during the timeframe alleged at Counts

14

truly significant fine, and the unique circumstances presented in this case, the defense respectfully and sincerely requests that this Honorable Court sentence Grant Williams to a period of probation. A sentence in this manner is fair and just, and is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense.

Respectfully submitted

*s/ Stephen Misko*
**Stephen Misko, Esq.
PA I.D. No. 59999
pennlawllc@gmail.com**

**Attorney for Defendant,
Grant Williams**

---

1,2,4 & 5 of the Information.