## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | No. 2:23-cr-10-MRH |
| | : | |
| | : | |
| GRANT WILLIAMS | : | |

### DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

AND NOW, comes the Defendant, Grant Williams, by and through his attorney, Stephen Misko, Esquire, and respectfully files this Supplemental Sentencing Memorandum:

**QUESTION PRESENTED:**

On June 4, 2023, the Court published Supplemental Tentative Findings [Doc. 30] requesting that the parties "*provide the Court with the information necessary for the Court to better understand whether the FFL that transferred the involved firearms to the ultimate buyer had any acquisition/disposition record keeping obligations, whether such were fulfilled, and the manner in which the transfer process (including the Defendants failure to create the acquisition/disposition records required by law) as set out in the PSR obviated the ability of law enforcement to lawfully trace any firearms subsequently the subject of law enforcement investigations.*"

1

**RESPONSE:**

The FFL who received the firearm from Sportsman's Supply and transferred it to the ultimate buyer had acquisition/disposition recording obligations, pursuant to 27 CFR 478.124 and 478.125(e).

**27 CFR 478.125 Record of Receipt and Disposition**, subsection **(e) Firearms receipt and disposition by dealers**, states, in part, "**each** licensed dealer **shall** enter into a record **each** receipt and disposition of firearms" (emphasis added). It further states that "[t]he record shall show the date of receipt, the name and address or the name and license number of the person from whom received, the name of the manufacturer and importer (if any), the model, serial number … and the caliber or gauge of the firearm." It also provides that "[w]hen such disposition is made to a nonlicensee, the firearms transaction record, Form 4473, obtained by the licensed dealer shall be retained, until the transaction is recorded, separate from the licensee's Form 4473 file and be readily available for inspection. The record shall show the date of the sale or other disposition of each firearm, the name and address of the person to whom the firearm is transferred, or the name and license number of the person to whom transferred if such person is a licensee, or the firearms transaction record,

Form 4473, transaction number if the licensed dealer transferring the firearm sequentially numbers the Forms 4473 and files them numerically."

**27 CFR 478.124 Firearms transaction record**, contains the recording obligations of licensed dealers or FFL's when selling a firearm to a nonlicensee and states, in part:

(a) A ... licensed dealer shall not sell or otherwise dispose, temporarily or permanently, of any firearm to any person, other than another licensee, unless the licensee records the transaction on a firearms transaction record, Form 4473.

(b) A ... licensed dealer shall retain in alphabetical (by name of purchaser), chronological (by date of disposition), or numerical (by transaction number) order, and as a part of the required records, each Form 4473 obtained in the course of transferring custody of the firearms.

(c) (1) Prior to making an over-the-counter transfer of a firearm to a nonlicensee ... the licensed dealer ... shall obtain a Form 4473 from the transferee showing the transferee's name, sex, residence address, date and place of birth; height, weight and race of the transferee; the transferee's country of citizenship; the transferee's INS-issued alien number or admission number; the transferee's State of residence; and certification by the transferee

3

that the transferee is not prohibited by the Act from transporting or shipping a firearm in interstate or foreign commerce or receiving a firearm which has been shipped or transported in interstate or foreign commerce or possessing a firearm in or affecting commerce.

Clearly, the transferee FFL has firearm acquisition and disposition recording obligations. Unfortunately, the method currently in place to trace a firearm limits the scope of the trace from the firearm manufacturer (based on the make, model and serial number) to the first purchaser (FFL). As such, if that FFL fails to record the disposition of the firearm received from the manufacturer, it would hinder law enforcement's ability to trace said firearm to either a transferee FFL or nonlicensee purchaser. In addition, the trace would not reveal or assist in knowing whether the transferee FFL fulfilled its obligations as it relates to the sale of a firearm to a nonlicensee purchaser, pursuant §§ 478.124 and 478.125.

As a side-note, another method or tool to trace a firearm is through a Report of Multiple Sale or Other Disposition of Pistols and Revolvers, or ATF Form 3310.4. It is utilized by FFL's to report nonlicensee purchases of two or more handguns at one time or during five consecutive business days. The form is sent to ATF's National Tracing

Center, with copies sent to the State police or local law enforcement agency in the jurisdiction where the sale took place, and the FFL to be retained for not less than 5 years.  The requirement to report multiple sales or other dispositions of pistols or revolvers has been in place since the Gun Control Act of 1968, and is reportedly a successful tool in gun trafficking investigations.

The Defendant reserves the right to make further argument in support of this issue at sentencing.

Respectfully submitted

s/ Stephen Misko
Stephen Misko, Esq.
PA I.D. No. 59999
pennlawllc@gmail.com

Attorney for Defendant,
Grant Williams